## IN THE

# SUPREME COURT OF ILLINOIS.

69   11
30a   219

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1873.

MICHAEL HIGGINS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INTOXICATING LIQUOR—*sufficiency of information.* An information charging that the defendant, not having a legal license to keep a grocery, sold a certain quantity of intoxicating liquors to be drunk upon or about the building or premises where sold, is sufficient.

2. APPEAL FROM THE COUNTY TO CIRCUIT COURT—*judgment on hearing.* Under the act of 1872, to increase the jurisdiction of county courts, the circuit court, on appeal or writ of error from the county court, may, on affirmance, render final judgment, or remand the case to the county court for further proceedings.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an information filed by the State's Attorney of Bureau county, on behalf of the People, against Michael Higgins, for selling intoxicating liquor without license. The opinion states the material facts.

Mr. J. J. HERRON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. C. C. WARREN, State's Attorney, for the People.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to the circuit court of Bureau county, to bring up the record of a judgment rendered in that court on appeal from the county court of that county in an information filed by the State's Attorney, on behalf of the People, against Michael Higgins, for an alleged violation of the act of January 13, 1872, known as "the liquor law."

All the constitutional questions raised on this record were discussed and decided by this court in the case of *Myers* v. *The People*, 67 Ill. 503, and five other similar cases, all decided against the plaintiffs in error by affirming the judgments of the circuit court. We have no desire to go over the ground explored in those cases, and will confine ourselves to the points now made.

It is claimed by the plaintiff in error that the information is defective in not alleging the liquors sold were intoxicating liquors. This objection has no foundation in fact. The information charges that defendant, not having a legal license to keep a grocery, sold a certain quantity of intoxicating liquors, to be drunk upon or about the building or premises where sold.

A trial by jury was had in the county court, and a verdict of guilty rendered on each count of the information. Whereupon it was ordered and adjudged by the court that the defendant pay a fine of one hundred and twenty dollars, being

twenty dollars for each count, and be imprisoned in the county jail sixty days, being ten days imprisonment for each count; and it was further ordered that the defendant stand committed to the jail of the county until the fine and costs were fully paid.

From this judgment the defendant prayed an appeal to the circuit court, which was granted on his entering the proper recognizance, and a bill of exceptions was duly signed and sealed.

In the circuit court various errors were assigned and heard and considered, and the court being fully advised in the premises, found there was no error for which the judgment should be reversed. It was therefore considered by that court that, in lieu of said judgment in the county court, the people have judgment in like manner and to the same effect in this court. Whereupon it was ordered and adjudged by the court that the defendant be confined in the county jail of Bureau county for the term and period of ten days for each of said six offenses of which he is found guilty, as appears by the record, being in all sixty days; and that he also make his fine to the people of the State in the sum of twenty dollars for each of said six offenses, and that the said people have and recover of the defendant the sum of one hundred and twenty dollars, the amount of said fines, and also the costs of the prosecution in the county court and of this appeal, and that they have execution therefor, and that defendant stand committed to the county jail until the said fines and costs are fully paid.

This appeal is prosecuted to reverse this judgment, the case turning upon the error first assigned in this court, and that is: The circuit court erred in hearing the cause as a court of review, but should have tried the cause de novo.

Counsel for plaintiff in error argue, if the circuit court hears a case on the record sent up from the county court, and is to be governed by the practice of the Supreme Court, the judgment should be a judgment of affirmance, and nothing more; but here, he says, the circuit court proceeded to pass

sentence, and, in addition to confinement in the county jail for the fine imposed by the county court, and the costs of that court, a further order was made by the circuit court that the defendant should stand committed until the costs of the appeal were fully paid. He insists there are now two judgments against the defendant.

Nominally this may be so, but only one judgment which can now be enforced. The judgment of the circuit court is "in lieu" of that in the county court, and renders ineffectual that of the county court. It is the same in the Supreme Court when this court renders such a judgment as the circuit court should have rendered. The judgment of the highest court takes the place of the judgment of the lower court, which ceases to have any force.

What says the statute? Section 3 of the act of 1872, to increase the jurisdiction of county courts, provides, that appeals and writs of error shall be allowed from the final judgment of the county court, in cases under this act, to the circuit court, to be taken and tried in the same manner as is now or may hereafter be provided by law for appeals and writs of error from the circuit to the Supreme Court. Sess. Laws 1872, p. 326.

By section 80 of the Practice act of the same session. ib. 351, it is provided, in all cases of appeals and writs of error the Supreme Court may give final judgment and issue execution, or remand the cause to the inferior court in order that an execution may be there issued, or that other proceedings may be had thereon.

It thus appears the circuit court may proceed on appeals or writs of error in the same manner as this court proceeds on appeals or writs of error from the circuit court. Here, the causes are tried by the record, as this was, and final judgment rendered in that court, to which we see no objection.

The objection that the statute fixes the penalty on conviction, is not available, as the judgment of the court is the behest of the statute, and nothing more. The minimum of

the fine is fixed for each offense at twenty dollars, and ten days the minimum of imprisonment. The court determined neither; the statute determined both.

We perceive no error in the record, and affirm the judgment.

*Judgment affirmed.*