MADISON COUNTY
v.
JOHN A. BRUNER.

1. SUPERVISOR AS OVERSEER OF THE POOR—QUANTUM MERUIT FOR SERVICES.—A county is not liable on a *quantum meruit* for services rendered under the requirements of the law, by a supervisor in his *ex officio* capacity of overseer of the poor for his township.

2. CONSTRUCTION OF STATUTE.—Such a claim for services is not warranted by section 26, Ch. 107 R. S. And this view is strengthened by a consideration of section 18 of the same statute.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed October 10, 1883.

Mr. J. H. YAGER, for plaintiff in error; as to the interpretation of expressions, cited Biggs v. Clapp, 74 Ill. 335.

As to the modes provided by law for the support of the poor in counties under township organization: R. S. 1874, Ch. 107, §§ 18, 35; Session Laws of Ill. p. 144, §§ 1–4.

Mr. A. W. HOPE, for defendant in error.

WALL, P. J. The defendant in error brought an action of assumpsit against plaintiff in error.

The declaration alleged that defendant was indebted to plaintiff in the sum of $500 for labor and services bestowed in and about the business of defendant at its request. That plaintiff was a supervisor of Alton township, duly elected and qualified, and that it was his duty by law to take care of the paupers in and for Alton township, and plaintiff avers that in discharge of said duty he performed said services, by means whereof defendant became indebted for such labor and services. Plaintiff averred it was the duty of defendant by law to take the care and custody of said paupers; that a tax was levied and collected for that purpose and that the fund so raised in said county was under the control of said defendant, and that no tax was collected by Alton township for the support of paupers or to pay a salary to supervisors for the care of such paupers, and that the defendant being so indebted, etc., promised, etc.

To the declaration a demurrer was interposed by defendant but overruled by the court, and the defendant not answering, further damages were assessed at $310.

The only question is whether the county is liable on a *quantum meruit* for services rendered by a supervisor in his *ex officio* capacity of overseer of the poor for his township, services which by law he is required to perform.

Counties are involuntary *quasi* corporations, being political or civil divisions of the State, created by general laws to aid in the administration of the government, and their duties and liabilities are all prescribed by law. Symonds v. Clay Co. 71 Ill. 355; Hollenbeck v. Winnebago Co. 95 Ill. 148.

It is an inflexible rule of law that an officer can demand only such fees as the law has fixed for the performance of his duties and that he can not maintain *quantum meruit* for services rendered under the requirements of the law. Town of Carlyle v. Sharp, 51 Ill. 72; Smith v. McLaughlin, 77 Ill. 596; City of Decatur v. Vermillion, Ib. 316; Harvey v. Harvey, 87 Ill. 54; Dillon's Municipal Corp. Secs. 229 to 233.

We have been referred to no provision of the statute fixing

compensation for these services when rendered by a supervisor, nor can we find any such after a most careful examination.

Counsel argue that the claim is warranted by Sec. 26, Ch. 197, R. S., which provides that " upon such report being made, it shall be the duty of the county board to make the proper appropriations from the county treasury for the payment of the necessary expenses for the relief and support of the poor."

It must be presumed that the legislature were aware of the rules of the law already stated when this section was enacted, and had they intended that compensation to an *ex officio* overseer for his services in taking care of the paupers should be a part of these "necessary expenses," they would have so declared in plain terms.

This view is strengthened by a consideration of section 18 of same statute, under the first clause of which the plaintiff was acting. It is as follows: "In counties under township organization, the supervisors of the respective towns therein shall be *ex officio* overseers of the poor of their towns. Provided that for towns containing four thousand inhabitants or over, upon written request of said supervisors the county board may appoint an overseer who is a resident of such town, and fix his compensation and term of office. The overseer so appointed shall execute to the county an official bond in a penal sum and with sureties to be fixed and approved by the county board, conditioned for the faithful performance of his duties, etc."

This seems to recognize the fact that in populous towns the duties of a supervisor in his *ex officio* capacity of overseer of the poor might become so onerous that he could not afford to perform them gratis and in that event a way is provided by which he may be relieved of this *ex officio* burden, and another may be appointed to perform the service and his compensation therefor fixed by the board. It is to be remarked that this is the only section as far as we are advised which makes any provision whatever for compensation for such services, and seems to exclude the idea that any such

compensation is to be allowed a supervisor therefor. *Expressio unius est exclusio alterius.* Sound considerations of public policy may have moved the legislature in making this discrimination, but whatever the reasons operating upon the legislative mind, we think the legal conclusion is clear that the plaintiff below disclosed no cause of action. The judgment is therefore reversed but it is unnecessary to remand the cause.

Reversed.