MARSHALL FIELD ET AL.

v.

N. H. RIDGLEY ET AL.

ASSIGNMENT—JURISDICTION.—Where parties execute a voluntary assign-
ment and the assignee takes possession of the property, and under an order
of the county court sells it and reports the proceeds to the court, com-
plainants, who have proved their claims before the assignee, as required by
law, can not file a bill in equity to investigate the good faith and validity of
prior judgments. The jurisdiction of the whole subject is in the county
court.

ERROR to the Circuit Court of Sangamon county; the Hon.
W. L. GROSS, Judge, presiding. Opinion filed December 4,
1885.

Mr. JAMES C. CONKLING, for plaintiffs in error; that equity
has concurrent jurisdiction with a court of law in all cases of
fraudulent assignments, cited Willard's Equity Jurisprudence,
468; Strong v. Goldman, 8 Bissell, 552.

County courts can not have *exclusive* jurisdiction of trans-
actions which are properly cognizable in common law or
chancery courts: Constitution of 1870, Art. 6, S. 12; Myers
v. People, 67 Ill. 504; Weatherford v. People, 67 Ill. 520;
Wilson v. People, 94 Ill. 426.

Messrs. PALMERS, ROBINSON & SHUTT, for defendants in error;
cited Freydendall v. Baldwin, 103 Ill. 330; Conkling v. Ridge-
ly, 112 Ill. 36.

CONGER, J. It appears from the bill filed in this case that
on the 12th day of January, 1883, Kimbler, Ragsdale & Co.
executed a voluntary assignment, and that the assignee
took possession of the property, and under an order of the
County Court of Sangamon county sold it and reported the
proceeds to the court.

That the complainants in the bill have proved their claims

before the assignee as required by law, and now by this bill seek the aid of a court of chancery to investigate the good faith and validity of prior judgments obtained by Ridgley & Co., against Kimbler, Ragsdale & Co., and pray that the court will assume jurisdiction over the fund and make a proper and equitable distribution thereof.

We are of opinion that this can not be done. The jurisdiction of the whole subject is in the County Court of Sangamon county. The whole matter is so fully and clearly discussed in the cases of Freydendall v. Baldwin, 103 Ill. 325, and Hanchett v. Waterbury, Legal News of August 15, 1885, that for us to do more than call attention to those cases would be a work of supererogation. See also Mersinger v. Yager, 16 Bradwell, 260.

We are therefore of opinion that the circuit court committed no error in sustaining the demurrer and dismissing the bill.

Affirmed.