HENRY P. IDE, ASSIGNEE,

v.

ELIZABETH N. SAYER AND JAMES E. SAYER.

*Jurisdiction—Assignment—Prior Fraudulent Conveyances—Petition by Assignee—Remedy.*

1. The County Court is not a court of general jurisdiction.
2. The act in regard to voluntary assignments does not enable the as-

Ide v. Sayer.

signee to sue in the County Court in any case of which it has not jurisdiction by general law.

3.  Where it is claimed that conveyances made just prior to an assignment by the grantor are fraudulent, the remedy belongs to the defrauded creditors, who must resort to the courts of general chancery jurisdiction.

4.  Upon petition filed in the County Court by the assignee to set aside certain conveyances alleged to have been made in fraud of creditors just prior to the assignment of the grantor, it is *held:*  That the County Court had no jurisdiction; and that the Circuit Court, on appeal, the trial being *de novo*, should have dismissed the petition for want of jurisdiction in the County Court and entered its own judgment in favor of the appellee, the grantee in the conveyances in question, instead of remanding to the County Court.

[Opinion filed February 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. TENNEY, BASHFORD & TENNEY, for appellant.

The County Court has jurisdiction over the assigned estate and full power to administer upon it, including power to "compel the delivery to the assignee or assignees of any property or estate embraced in the assignment." In construing this statute the Supreme Court has held that the County Court has jurisdiction to try and determine claims of third persons to the property assigned (Hanchett v. Waterbury, 115 Ill. 202); claims by the assignee or creditors, that apparent liens upon property in the hands of the assignee are in reality void as being preferences within the meaning of Sec. 13 of the assignment act (Freydendall v. Baldwin, 103 Ill. 325); that in the exercise of this jurisdiction it possesses both legal and equitable powers (Field v. Ridgley, 116 Ill. 424); and that its jurisdiction depends purely upon the question whether an assignment has in fact been made, and not upon its validity as to creditors (Farwell v. Crandall, 120 Ill. 70). All of these cases speak, as does the statute itself, of the jurisdiction of the County Court over the "assigned estate," or the "property embraced in the assignment," and they establish the law that, as to claims relating to such property, the County Court has jurisdiction. What property, then, is included in these phrases?

Appellant's petition alleges that the transfers to Mrs. Sayer were made by separate instruments for the purpose of evading the provisions of the statute prohibiting preferences in assignments; that, at the time of making them, James had decided to make a general assignment for the benefit of his creditors, and that these transfers and that to Ide were in fact, parts of one entire transaction, and constituted an assignment with preferences within the meaning of the statute. These facts were abundantly proved by the evidence offered in the Circuit Court, to which we shall refer hereafter.

The word "assignment," as used in our statute, does not mean the formal deed which merely evidences the act of the debtor. It is used in its broadest sense as the noun of the verb " to assign," and refers to the transfer which the debtor makes of his property; to the act, and not to the evidence of the act. Using the word in this sense, it follows, necessarily, from the application of well settled rules, that separate preferential transfers, made by a debtor in pursuance of a common plan, contemplating and followed by an assignment of his property for the benefit of his creditors, will be held to be but parts of one entire transaction, and that the whole will form an assignment with preferences, within the meaning of the statute. And as these transfers, taken together, constitute the assignment, it follows equally that the property covered by each of them is "embraced within the assignment."

This proposition is well established by numerous decisions, but as it has received the sanction of our Supreme Court, it will not be necessary to cite them. In the case of Preston v. Spaulding, 120 Ill. 208, insolvent debtors on the eve of and in contemplation of making an assignment for the benefit of their creditors, gave judgment notes to some of their creditors, for the purpose of enabling them to secure their claims by levying on the property, before the delivery of the deed of assignment to the assignee. Spaulding, a creditor, and therefore a beneficiary under the assignment, filed a bill asking to have certain contracts between himself and the debtors set aside for fraud; and asking, also, to have the judgments and execution levies declared void, as being preferences in an

Ide v. Sayer.

assignment. The Supreme Court held that the relief prayed for was promptly granted, and in speaking of the effect of an assignment under the statute, and of the powers of a failing debtor in disposing of his property, used this language: " But when he (the debtor) reaches the point where he is ready and determines to yield the dominion of his property, and makes an assignment for the benefit of his creditors, under the statute, this act declares that the effect of such assignment shall be the surrender and conveyance of all his estate, not exempt by law, to his assignee—rendering void all preferences, and bringing about the distribution of his whole estate equally among all his *bona fide* creditors; and we hold that it is within the spirit and intent of the statute, that when the debtor has formed a determination to voluntarily dispose of his whole estate, and has entered upon that determination, it is immaterial into how many parts the performance or execution of his determination may be broken; the law will regard all his acts, having for their object and effect the disposition of his estate, as parts of a single traasaction; and, on the execution of the formal assignment, it will, under the statute, draw to it, and the law will regard as embraced within its provisions, all prior acts of the debtor having for their object and purpose the voluntary transfer or disposition of his estate to or for creditors; and if any preferences are shown to have been made or given by the debtor to one creditor over another in such disposition of his estate, full effect will be given to the assignment, and such preferences will, in a court of equity, be declared void and set aside as in fraud of the statute."

Prior to this decision the Supreme Court had held, in Freydendall v. Baldwin, *supra*, that when an assignment is made, " all the property the insolvent debtors had at the time of the assignment passed to and vested in the assignee, under the statute, and must be administered by him under the supervision of the County Court;" and in Hanchett v. Waterbury, *supra*, that in such case the County Court, " by operation of law, becomes possessed of all the property and estate embraced within the assignment."

These cases demonstrate that the transfers to Mrs. Sayer were void; that the property covered by them was " embraced

within the assignment," and that the County Court, having, by her voluntary appearance, jurisdiction of her person, has power to determine her claim to the property.

Mr. F. H. TRUDE, for appellee.

The principal question to be determined in this case is, did the County Court have jurisdiction of this cause? The jurisdiction of the County Court in the matter of assignments for the benefit of insolvent debtors, was given to it by statute. The appellant claims that those proceedings were brought under section eight of that act. By a reference to that section the court will readily see that the County Court went beyond its jurisdiction. That section gives the right, upon petition of the assignee of creditors, to compel the appearance, in person, of a respondent, to answer under oath, and that they might be fully examined under oath, and may compel delivery to the assignee of any property or estate embraced in the assignment. In this case, Mrs. Sayer was brought into court; she was compelled to file her answer under oath, but she was not examined about these transactions by the assignee, nor did she have in her possession property that passed to the assignee. Before the assignment the draft had been cashed and the notes sold, and the actual property had passed out of her possession and control. The real estate is not situated in this State. Before the notice of the petition, she had used and spent a part of the money realized from the drafts and notes. Take the position that the transfers to Mrs. Sayer were fraudulent and preferential—which we deny—the County Court has not the jurisdiction to compel Mrs. Sayer to do acts in order to bring into the custody of the assignee, assets. The statute gives the court power to compel a discovery and to turn over to the assignee the identical personal property that is subject to personal delivery. But in this case the personal property had been sold and disposed of before the assignment. The assignee only had what claims the assignor had at the time of the assignment, namely, the claim against Elizabeth Sayer for the value of the notes and draft so disposed of by her. James P. Sayer could not collect these notes and draft,

even though she had procured them from him by fraud, except by going into a court of chancery and asking for equitable relief.

In Preston v. Spaulding, 120 Ill. 208, the court held that the County Court is not, by the voluntary assignment, invested with general chancery powers and jurisdiction, such as a bill (petition) to set aside a sale or contract for fraud, or to set aside unauthorized preferences given by the debtor. As to matters purely of an equitable character, resort must still be had to the courts of general chancery jurisdiction.

The same position is taken in the case of Aldrich v. Hawkins, 6 Blackf. 126. "The Legislature may create a new cause of action and designate a particular tribunal to take cognizance of it; in such case, the provisions of the statute must be strictly followed." "The rule for jurisdiction is, nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged."

But when a superior court exercises a special statutory and extraordinary power, it stands upon the same ground and is governed by the same rule as courts of limited and inferior jurisdiction. The rule then is, that nothing shall be intended to be within the jurisdiction but that which is so expressly alleged. Hatwood v. Collins, 60 Ill. 328.

GARY, J.   April 30, 1886, James P. Sayer made an assignment for the benefit of his creditors to the appellant, which was acknowledged and recorded on the same day, pursuant to the act concerning voluntary assignments of May 22, 1877. This record does not show that the appellant entered upon the discharge of the duties of his position in the manner directed by the statute, but as no question is made in the case upon that subject, it is to be assumed that he did.

May 28, 1886, appellant filed in the County Court a petition, which, with a subsequent amendment, charged that the assignor, two days before the assignment, and in contemplation of it, and as an unlawful preference to the appellee Elizabeth,

conveyed to her real property in Minnesota and Dakota, and choses in action, in consideration of pretended indebtedness from him to her.

The petition prayed that the transfers might be declared fraudulent and preferential, and might be vacated and set aside, and that she might be decreed to deliver the choses in action to the appellant, and convey to him the real estate.

Some further proceedings, which it is unnecessary to state in detail, were had in the County Court, and January 31, 1887, that court entered the decree prayed for by the petition, to be enforced by attachment for contempt of court, in case of her failure to obey the decree. This decree the Circuit Court reversed.

To the relief prayed for by that petition, the appellant was not entitled in any court, and of the subject-matter of the petition the County Court has no jurisdiction.

The act in question deals only with assignments made by debtors to their assignees. The word "assignment" occurs many times in the act, and always, either by connection with inventory annexed, acknowledgment and record, by assignee named in it, or by natural construction, refers to the paper by which the debtor has conveyed to his assignee the assets assigned. By the fourteenth section full jurisdiction is conferred upon the County Court to carry out the provisions of the act. The County Court is not, in the usual sense, a court of general jurisdiction. It is a court of multifarious but defined jurisdiction, general and unlimited over the class of cases confided to it, and in such cases intendments in favor of its action are as liberal as are extended to the proceedings of the Circuit Court, and it is not necessary that all the facts and circumstances which justify its action shall affirmatively appear upon the face of its proceedings. People v. Gray, 72 Ill. 343, and cases there cited.

But no such intendment enlarges the class of cases over which it has jurisdiction. The jurisdiction of the County Court does not resemble that of the Circuit Court, which is original "of all cases in law and equity" (Sec. 12, Art. 6,

Const.), undefined, general, like space, ending nowhere, and embracing all that is. The act in question, by the eleventh section, gives the assignee the same power as to all property of the debtor that the debtor had at the time of the assignment, and the right to sue in his own name and to recover such property, and the eighth section enables the County Court to compel the debtor to deliver to the assignee all property embraced in the assignment. But there is nothing in the act which enables the assignee to sue in the County Court in any case of which it has not jurisdiction by general law, nor any authority conferred upon the County Court to call before it anybody but the debtor and the assignee. The maxim, "*expressio unius est exclusio alterius,*" applies to the construction of statutes as well as contracts. Madison Co. v. Bruner, 13 Ill. App. 599; Broom's Leg. Max. 664.

The argument, in effect, of the appellant, is that the property embraced in unlawful preferences is to be read into the "assignment," which word as used in the statute is to be understood as covering the whole transaction of the disposition the debtor makes of his property, and that, therefore, the assignee has the title to the property, and may pursue it wherever found, in any mode appropriate to an owner deprived of his right; and that the property embraced in an unlawful preference being read into the "assignment" is in some way covered by the provisions of the act, to carry out which provisions the County Court has jurisdiction. In Bouton v. Dement, 123 Ill. 142, the Supreme Court deny (as by proper construction the eleventh section of the act denies) the authority of an assignee to undo anything his assignor had done, apply the same rule which exists in regard to an administrator, and hold that the statute respecting assignments makes no change in the rule. It is true they were not then dealing with a question of unlawful preference, but of prior fraudulent conveyance.

In every case, however, in which they have had occasion to assert the jurisdiction of the County Court, the property was in the hands of the assignee. Freydendall v. Baldwin, 103 Ill. 325; Hanchett v. Waterbury, 115 Ill. 220; Field v.

Ridgely, 116 Ill. 424; Farwell v. Crandall, 120 Ill. 70; Hand-ford O. Co. v. First N. Bk., 126 Ill. 584; Hide & L. N. Bk. v. Rehm, 126 Ill. 461.

And usually in such assertions, they have referred to that fact as to one of those upon which the jurisdiction attached; while in Preston v. Spaulding, 20 Ill. 208, where the property had not come to the possession of the assignee, they hold that in that particular it did not at all resemble the first two in the list of cases above cited; that the County Court had not acquired jurisdiction of the *res;* that that court is not by the act invested with general chancery powers and jurisdiction, but that in respect of matters of a purely equitable character, specially cognizable in the courts of equity, resort must still be had to the courts of general chancery jurisdiction.

In that case, which was before Bouton v. Dement, 123 Ill. 142, it was assumed by counsel, and not denied by the court, that the assignee might maintain a bill to bring into his possession assets held under an unlawful preference, though in terms the court only re-asserts his right to sue for everything "belonging or appertaining" to the estate of his assignor, quoting from the eleventh section of the act. That case is, therefore, no authority for the appellant, except upon the doctrine there first established in this State, "that, after a debtor has made up his mind to make an assignment of his property for the benefit of his creditors, all conveyances, transfers and other dispositions of his property or assets, made in view of his intended general assignment, whereby a preference is given, will be held to be within the prohibition of the statute and void, the same as though incorporated in the deed of assignment itself." Bailey, J., in Hide & L. N. Bk. v. Rehm, 126 Ill. 461.

The remedy belongs to the defrauded creditors, and the forum is the Circuit Court or other court having general chancery powers. The decree of the Circuit Court is affirmed in principle, but the form of it is wrong. The trial in the Circuit was *de novo* (Sec. 122, Act March 26, 1874), and the Circuit Court should have entered its own final judgment in favor of the appellee, dismissing the petition for want of jurisdiction in the County Court.

The cases Otten v. Lehr, 68 Ill. 64, and Higgins v. The People, 69 Ill. 11, were under the act of 1872, which was repealed by that of 1874.

The decree of the Circuit Court is reversed and the cause remanded to the Circuit Court, with directions to dismiss the petition for want of jurisdiction in the County Court. The appellees will recover their costs in this court, as this reversal is in a matter of form only, in which the appellant has no interest.

*Reversed and remanded.*