ATLAS NATIONAL BANK OF CHICAGO
v.
CLARE E. MORE, ASSIGNEE.

*Insolvency—Assignment—Preferences.*

1. An assignment by a firm with preferences to individual creditors is, *per se*, fraudulent and void at common law.

2. Where the assets of an insolvent are in possession of an assignee acting under the direction of a County Court, that court, in distributing the

assets, has original jurisdiction to determine the validity of all claims against the assets and of all the defenses against the claims upon all grounds, legal or equitable.

3. While the County Court can not act upon the record of another court, wherein judgment was entered upon a certain judgment note, and set the same aside, in whole or in part, when such judgment is presented as a claim upon the assets of the insolvent estate, if any reason exists for which any court would postpone it to the claim of other creditors, that reason is available to them in the County Court.

4. If such judgment is a fraud upon other creditors, either by fraud in fact intended by the parties, or only by construction of law, such creditors having such a standing of their own as gives them a claim upon the assets, are entitled to have it treated wherever the contest arises, as void as to them.

· [Opinion filed March 13, 1891.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for the assignee.

Mr. JACOB NEWMAN, for petitioning creditors.

GARY, J. On the 25th day of September, 1888, the Wilson & Bayliss Company was incorporated as the successor of George Wilson, Jr., and Thomas P. Bayliss, in the furniture trade. The corporation took the merchandise, fixtures, lease and good-will of the firm of Wilson & Bayliss in payment for a large part of its stock, but the debts due from and to the old firm remained theirs.

They then owed the bank about $10,000, for which the bank held as collateral, among other things, a tin box containing leases and chattel mortgages taken by the firm for furniture sold to customers. The firm had free access to the box, did what they pleased with the contents, and the bank kept no account of the matter.

November 13, 1888, the corporation made to the bank its judgment note for $15,000. The real purpose of the note was to secure to the bank the debt the firm owed, and

vaguely future advances to somebody, but as an ostensible consideration, the bank sold to the corporation the paper in the box of the nominal amount of $17,000, on which the firm, not the corporation, afterward collected about $100. It is not necessary to state at large the evidence that proves that this sale was a mere pretense, adopted in casting about for a consideration, as a cloak for the real purpose of the note. In February, 1889, the bank loaned to the corporation $1,000 which is not a matter now in controversy. March 12, 1889, the corporation made an assignment for the benefit of creditors, and the assets being administered in the County Court, the bank claimed upon a judgment which it entered upon the judgment note, the amount of the debt from the firm and the loan to the corporation. The other creditors resisted the allowance of the debt from the firm, and the court only allowed to the bank the loan to the corporation. The bank appeals.

The indebtedness of the firm has been nominally extinguished, and that of the corporation substituted for it, by the corporation giving, as notes of the firm fell due, its own notes to the bank, the proceeds of the discount of them being placed to the credit of the corporation on the books of the bank, and the checks of the corporation being then given as payment of the firm notes. It is not urged that the claim of the bank stands on better ground because of these transactions, as there was full knowledge by the bank of their real character, as they happened.

The assets of the corporation being in the possession of the assignee acting under the direction of the County Court, that court, in distributing the assets, had original jurisdiction as complete as the sovereign State can confer it, to determine the validity of all claims against the assets and of all the defenses against the claims, upon all grounds, legal or equitable. Ide v. Sayer, 129 Ill. 230; Hartford Oil Co. v. First Nat. Bank, 126 Ill. 584.

That court could not act upon the record of the Superior Court, where the judgment was entered, and set the judgment aside, in whole or in part, for any cause whatever; but when the judgment is presented as a claim upon the assets, if any

reason exists for which any court would postpone it to the claim of other creditors, that reason is available to those other creditors in the County Court. Field v. Ridgley, 18 Ill. App. 56; S. C. 116 Ill. 424.

If the judgment is a fraud upon them, either by fraud in fact intended by the parties, or only by construction of law, other creditors having such a standing of their own as gives them a claim upon the assets, are entitled to have it treated wherever the contest arises, as void as to them. Chap. 59, Sec. 4, R. S.; 1 Black, Judg., Sec. 203; Freeman, Judg., Sec. 336; 12 Am. & Eng. Enc. Law, 148, n.

It is the same in principle as McKinney v. Farmers Bank, 104 Ill. 180, a case of fraudulent conveyance. And see Evans v. Adams, 15 N. J. L. 373; Martin v. Judd, 60 Ill. 78; Warmoll v. Young, 5 Barn. & C. 660; Mackie v. Cairns, Cow. 547.

Now on the question whether the judgment is a fraud upon other creditors, it would seem proper to assume, without argument, that any arrangement between the officers of an insolvent corporation and their individual creditors, that the property of the corporation is to be applied to the payment of the private debts of the officers, is such a fraud. An assignment by a firm, with preferences to individual creditors, is *per se* fraudulent and void at common law. Keith v. Fink, 47 Ill. 272.

The court there say: "Some of the instructions given for the defendant go perhaps further than they should have gone on the power of the company to assume the individual debts of a partner for a valuable consideration. It should be particularly said, there must be clear proof of the honesty of the transaction, that the consideration was valuable, and that it was for the benefit of the partnership beyond all controversy." In principle these remarks apply here. See Nat. Fr. Co. v. Miller, 33 N. J. Eq. 155.

The judgment of the County Court is right, and is affirmed.

*Judgment affirmed.*