Doran v. Hodson.

M. DORAN AND E. R. SMITH

V.

JOHN R. HODSON, ASSIGNEE.

*Assignments—Duty of Assignee—Proceeds of Consignment to Person Subsequently Insolvent—Recovery of—Jurisdiction of County Court.*

1.   Ordinary diligence on the part of the assignee of an insolvent, requires that he should avail himself of sources of knowledge easily open to him, to learn upon what account money is paid to or required of him in his character of assignee.

2.   If an assignee obtains *ex parte* orders of a County Court upon an assumed state of facts, which he knows, or ought to know, does not exist, he should not be protected by them against just claims.

3.   It is within the jurisdiction of the County Court to hold the assignee to account for everything that comes to his hands by virtue of his position, and direct the disposition thereof, and require him to surrender to the rightful owner what in his hands are not assets of the estate, and having such jurisdiction, the rightful owner can not go to any other court, for remedy.

4.   Upon a petition to a County Court for an order on the assignee of an insolvent, to pay over the proceeds of certain goods sold by said insolvent previous to its assignment, this court holds that such proceeds were not assets of the estate, and that the court erred in not making the order prayed for.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. ABNER SMITH and JAMES M. CLEAVER, for appellants.

Messrs. BISBEE, KERN & REED, for appellee.

GARY, J.   The appellee is assignee in insolvency of the P. McGurn Company, which had done a commission business in Chicago.   The appellants sent a carload of bran to the company to be sold on commission, and the company sold it December 2, 1890, to LaFrance & Carstens.   They gave to one Johnson, a salesman of the company, after the assignment, a check, $128.28, for the bran.

The assignment was filed in the County Court December 12, 1890, but Johnson held the check for some time, owing probably to steps pending to remove the first assignee and appoint the appellee, and the check was not delivered to the appellee until January, 1891.   He was not then informed, nor did he inquire on what account the money came, but the books of the company as well as inquiry of Johnson would have informed him if he had sought the information.

Ordinary diligence by the assignee of an insolvent would seem to require that he should avail himself of sources of knowledge easily open to him, to learn upon what account money is paid to or required of him in his character of assignee. The general doctrine as to notice of the rights or interests of others, is, that a party is treated as having knowledge of what he would have learned by inquiry, when the circumstances are such as to make it his duty and direct him where to inquire. The cases to that effect are so numerous in this State, and so easily found in the digests, that we need not cite any of them.

March 4, 1891, the appellants filed in the County Court a petition for an order on the appellee to pay the proceeds of the bran to them. It was admitted by the appellants that before the appellee had, in fact, notice of the claim of the appellants, he had, under the orders of the County Court, paid out, or incurred liability for, expenses that exceeded all the money in his hands as assignee.

Whatever may be the rule as to protection of an assignee by the *ex parte* orders of the County Court, if the assignee obtains such orders upon an assumed state of facts, which the assignee knows or ought to know is not true, he ought not to be protected by them against just claims. There is nothing in the record tending to show that the assignee gave the court any information about this check, or what funds he had or whence they were derived. The proceeds of the bran belonged to the appellants before, and when they came to the possession of the assignee were not assets of the estate; and the court should, as the case stands upon this record, have made the order prayed for. It is within the jurisdiction of the County Court to hold the assignee to account for everything that comes to his hands by virtue of his position, and direct the disposition thereof, and of necessity to require him to surrender to the rightful owner what thus in his hands is not assets of the estate. Because it has this jurisdiction, such rightful owner can not go to any other court for remedy. Hanchett v. Waterbury, 115 Ill. 220; Field v. Ridgely, 116 Ill. 424.

We will not give specific directions in remanding the case. Whether the company was entitled to any set-off, or upon what representations the County Court made the orders of which the appellee claims the benefit, the record does not show, and therefore the case is remanded only for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*