## THIRD SWEDISH METHODIST EPISCOPAL CHURCH ET AL.

### v.

## O. D. WETHERELL, ASSIGNEE.

*Insolvency—Set-off—Jurisdiction of County Courts.*

1. A court of equity in cases of insolvency will regard the real parties in interest, and allow a set-off of demands in reality mutual.

2. All the original jurisdiction that belongs in ordinary cases to all courts, belongs to and may be exercised by the County Courts in administering the assets in the possession of an assignee of an insolvent.

3. At law the right of set-off has been greatly extended of late years in this State.

4. Upon a petition that an amount in an insolvent bank be set off against an indebtedness due thereto, this court holds, in view of the evidence, that the order denying the petition can not stand.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for appellants.

Mr. E. L. BARBER, for appellee.

GARY, J. April 4, 1890, M. T. Roberts was conducting a banking business in the name of M. T. Roberts & Co. as the Thirty-first Street Bank.

He was applied to by the trustees of the church for a loan of $2,000 for the church, to secure which they wished to give him a mortgage on the church, but he preferred a note of the individuals.   They executed a note as follows:

"Thirty-first Street Bank,

Cor. 31st Street and Michigan Ave.

$575.                             Chicago, Ill.; April 4, 1890.

On or before one year after date we jointly and severally promise to pay to the order of M. T. Roberts & Co., at their Thirty-first Street Bank, five hundred and seventy-five dollars for value received, with interest thereon at the rate of seven per cent per annum after due and until paid and $100 additional as attorney's fees.   Provided, however, that if this note is paid without suit or judgment no attorney's fees are to be paid.

(Here follows a power of attorney to confess judgment on said note.)

(Signed)   B. Swenson,

Chas. F. Peterson,

C. Skirstrom,

S. Burkman,

John A. Enmark,

Trustees of 3d S. M. E. Ch., Chicago.

(Endorsed.)

For value received we guarantee the payment of within note at maturity or any time thereafter, with interest at eight per cent per annum until paid, and agree to pay all costs or expenses paid or incurred in collecting the same:

(Signed)   B. Swenson,

Chas. F. Peterson,

C. Skirstrom,

S. Burkman,

J. A. Enmark."

Roberts told the trustees that they could reduce the note as fast as they collected from the church.   Swenson, appellant with the church, was treasurer of it, and the money loaned was immediately put to his credit in the bank, in the same account with his own funds.   Roberts failed with $250.20

in his bank to the credit of Swenson, the odd twenty cents being Swenson's money, and the dollars being money of the church, and with $575 unpaid upon the note.   The appellee is the assignee of Roberts, administering his assets under the direction of the County Court.

The church and Swenson filed a petition that the $250 be set off against the $575, offering to pay the difference.   From the refusal of the County Court to make the set-off this appeal is prosecuted.   This state of facts shows that in good conscience the church is the ultimate and real debtor to the bank for the $575 and creditor of the bank for the $250, speaking for convenience of the bank instead of Roberts.   That is, through Swenson, who must account to the church, the $250 in the bank ought to come to the church, and through the trustees the $575 they owe the bank, the church ought to pay. The fairness and justice then of one sum being applied to the reduction of the other are so apparent that they can not be made clearer.   "A court of equity, in cases of insolvency, will regard the real parties in interest, and allow a set-off of demands in reality mutual."   Hughes v. Trahern, 64 Ill. 48. And all the original jurisdiction that belongs in ordinary cases to all courts belongs to, and may be exercised by the County Courts in administering the assets in the possession of an assignee of an insolvent.   See cases cited at bottom of page 217 in Ide v. Sayer, 30 Ill. App. 210.

Even at law the right of set-off has been greatly extended of late years in this State.   See cases cited in Graff v. Kahn, 18 Ill. App. 485

The order of the County Court denying the set-off is reversed, and the case remanded to that court with directions to allow it.

*Reversed and remanded.*