# Thirty-first Street Building and Loan Association

## v.,

## Oscar D. Wetherell, Assignee.

43 509
153s 361

*Insolvency—Jurisdiction of County Court—By-law of Building and Loan Association—Stock Held by Insolvent—Set-off Against, of Debt Due from Insolvent to Corporation—Lien on Stock.*

1. All the original jurisdiction that belongs in ordinary cases to all courts, belongs to and may be exercised by the County Courts in administering the assets of an insolvent.

2. A by-law of a building and loan association, providing that no share shall be transferred while any debt, penalty, or due of any kind against the owner thereof may remain unpaid, creates a lien upon the shares as against the shareholder, for a debt due by him to the association, and the assignee of an insolvent shareholder stands in the shareholder's shoes.

3. It therefore follows that, where a shareholder in a building and loan association was a banker, having funds of the association on deposit, that the assignee can not collect from the association the withdrawal value of the shares, leaving the association to share with the other creditors in a dividend for the amount of its deposit, but the association can offset against the assignee the amount due it as a depositor, against the withdrawal value of the shares.

[Opinion filed January 14, 1892.]

Appeal from the County Court of Cook County; the Hon. Frank Scales, Judge, presiding.

Messrs. Aldrich, Payne & Washburn, for appellant.

County Courts, in administering insolvent estates, act upon equitable principles, and afford relief such as a court of chancery might give. Freydendall v. Baldwin, 103 Ill. 325.

Courts of equity are peculiarly adapted to the administration of the law of set-off, and had adopted this equitable remedy as a rule of practice long before it received legislative sanction or became admissible in courts of law, and insolvency of one of the parties is the strongest incentive to the exercise of such equitable jurisdiction. Hawkins v. Freeman, 8 Viner's Abr. 560; Chapman v. Derby, 2 Vern. 117; C. D.

510    Appellate Courts of Illinois.

Vol. 43.]    Thirty-first St. Building & Loan Ass'n v. Wetherell.

& V. R. R. Co. v. Field, 86 Ill. 270; Brazelton v. Brooks, 2 Head (Tenn.), 194; Graves v. Hull, 27 Miss. 419.

Courts of equity follow the law in allowing or refusing set-offs qualified by the rule that special circumstances may control the equity. Hitchcock v. Rollo, Assignee, 3 Biss. 287; 2 Story's Eq. Jurisprudence, § 1437.

As to right of set-off against insolvent estates, see also Fennell v. Nesbit, 16 B. Monr. 351; In re VanAllen, 37 Barb. 225; Colt v. Brown, 12 Gray, 233; American Bank v. Wahl, 56 Me. 167.

Statutes of set-off are considered beneficial acts, and should be liberally construed. Burgess v. Tucker, 5 Johns. 105–107; Good v. Good, 5 Watts, 116–118; Chamboret v. Cagney, 10 Abb. N. S. 31–37; Thompson v. Congdon, 43 Vermont, 396–9; Temple v. Scott, 3 Minn. 419; Lindsay v. Jackson, 2 Paige, 581; Bradley v. Angel, 3 N. Y. 475; Myers v. Davis, 22 N. Y. 489; Jones v. Robinson, 26 Barb. 310.

Insolvency of one party is additional ground for allowance of set-off. Bonaud v. Sorrell, 21 Ga. 108; Gunn v. Scoville, 5 Day, 113; Story's Eq. Jur. 1434–5; Jordan v. Jordan, 12 Ga. 77–88; Carey v. Lewis, 24 Ind. 23; Gay v. Gay, 10 Paige, 369; White v. Wiggins, 32 Ala. 424; Hale v. Holmes, 8 Mich. 37; Field v. Oliver, 43 Mo. 200; Mackeham v. Crowe, 15 C. B. 847; Pond v. Smith, 4 Conn. 297; Simpson v. Hart, 14 Jos. 63; Howe v. Sheppard, 2 Sumner, 133; Decatur Ry. Co. v. Rhodes, 8 Ala. 206.

Messrs. E. L. Barber and Flower, Smith & Musgrave, for appellee.

The right of set-off must be mutual. The relation between the parties must be that of debtor and creditor. If the debts sought to be set off accrued to the assignee, as such, after his appointment, they can not be set off as against a debt due from the assignor prior to the assignment. Scammon v. Kimball, 5 Biss. 443; Newhall v. Turney, 14 Ill. 341; Harding v. Shepard, 107 Ill. 264.

Gary, J. The appellee is the assignee in insolvency of Melville T. Roberts, who was a private banker conducting

business under the name of Thirty-first Street Bank, and the assets of Roberts are being administered under the direction of the County Court. The appellant is what its name imports; Roberts was its secretary and banker, and as a stockholder, held 665 of its shares. As a stockholder he held also a large number of other shares, pledged to the association as security for money loaned by it to Roberts.

The appellee demanded of the association an adjustment of the loan; a payment to him of $771.55, being the surplus of the withdrawal value of the shares pledged, over the loan upon them; and of $10,530.37, being the withdrawal value of the shares not pledged, denying the claim of the appellant to set off against the last mentioned sum the amount ($10,325.90) which the association had on deposit with Roberts as a banker at the time he assigned, and claiming that for that deposit, the association must come in with other creditors for dividends only. Thereupon the association filed the petition for leave to pay the surplus of the withdrawal value of all the shares, pledged and unpledged, over what Roberts owed the association for both the lien and deposit, and an order upon the appellee upon such payment, to surrender all the shares to the appellant. The County Court denied the prayer of the petition, and this appeal is from that order.

The case now presents the singular feature that the appellant doubts, while the appellee affirms, the jurisdiction of the County Court over the subject-matter of the petition. The jurisdiction is clear. The shares were assets to be disposed of by the assignee, under the direction of the County Court. That court might have made the election for the assignee, compulsorily, whether he should take the withdrawal value of the shares held by Roberts, under section 6 of the Homestead Loan Association Act of 1879, or continue to pay the dues upon them until the maturity of the series to which they belong. We have already decided in a case where this appellee was a party that "all the original jurisdiction that belongs in ordinary cases to all courts, belongs to, and may be exercised by, the County Courts, in administering the assets of an insolvent." Third S. M. E. Church v. Wetherell, 43 Ill.

512    APPELLATE COURTS OF ILLINOIS.

VOL. 43.]    Thirty-first St. Building & Loan Ass'n v. Wetherell.

App. 414; and see Doran v. Hodson, 43 Ill. App. 411, and Atlas N. Bank v. Moore, 40 Ill. App. 336.

If, instead of being the assets of an insolvent, administered in the County Court, the assets had been in the hands of a receiver, acting under the orders of a court of general equity powers, we assume that the power and jurisdiction of such a court to direct what the appellant asked, would be unquestioned, and that the only question would be whether granting what was thus asked would be a rightful exercise of such power and jurisdiction. The assignee had elected to turn the shares into money, and the decree appealed from impliedly ratifies that election. The effect of that election is to entitle the association to take up the shares upon such terms as may be equitable. The interest in the shares adverse to the association is in the assignee, in his character of assignee, and the association comes to the court controlling his action as assignee, to fix the terms of, and direct, the surrender of that interest. The question remains whether that association may deduct the deposit, as well as the loan, or the loan only, from the value of the shares. The statute authorizes such associations to adopt by-laws, and one of the by-laws of this is : " But no share shall be transferred while any debt, penalty or due of any kind against the owner thereof may remain unpaid." Such a by-law creates a lien upon the shares as against the shareholder for the debt. 2 Morse on Banks, Sec. 698; 1 Morawetz on Corp. Sec. 201. And the assignee stands in his shoes. Ide v. Sayer, 30 Ill. App. 210; 129 Ill. 230. So that any disposition which he could make of the shares, would be subject to the satisfaction of the debt for the deposit. Even without any such by-law, as the County Court administers the assets of insolvents upon principles of equity (Field v. Ridgley, 116 Ill. 424; Third S. M. E. Church v. Wetherell, 43 Ill. App. 414), it might be plausibly argued, that the association would be entitled to set off the deposit against the withdrawal value, because a court of equity would give it that relief. Waterman on Set-off, Sec. 398. We therefore hold that the appellant may pay the excess of the value of the shares over the debts of Roberts,

both on the loan and for the deposit, and upon such payment all interest in the shares must be surrendered to it by the appellee.

The decree of the County Court is reversed and the cause remanded, with directions to the County Court to so order.

*Reversed and remanded.*