## F. M. Jones, Assignee, et al., v. Henry D. Spencer.

1. ATTORNEY FEES—*Jurisdiction of the County Court in Voluntary Assignment Proceedings.*—The County Court has jurisdiction to hear and determine the claim of an attorney against the assets of an insolvent in the custody of an assignee for services rendered in adding property to the assets of the estate.

2. ATTORNEY AND CLIENT—*An Employment Must be Shown.*—An attorney employed by a creditor to collect his claim from an insolvent estate, who institutes proceedings to increase the assets of such estate, and is successful in so doing, in the absence of an employment, express or implied, by the assignee, can not recover from the estate.

**Insolvency Proceedings**—Claim for attorney's services. Appeal from the County Court of McLean County; the Hon. R. A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1898. Reversed. Opinion filed October 5, 1898.

TIPTON & TIPTON, attorneys for Ward B. Jones, assignor, appellant.

CHAS. M. PEIRCE, attorney for F. M. Jones, assignee, appellant.

HENRY D. SPENCER, *pro se.*

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant Ward B. Jones made a general assignment for the benefit of his creditors to the appellant F. M. Jones, but did not include in his schedule of property a farm in McLean county, Illinois, of some 180 acres, which he had title to under the provisions of the last will and testament of his father. On petition of the Port Huron Engine and Threshing Company and another, creditors of Ward B. Jones, the County Court of McLean County, where said assigned estate was being administered under the general assignment law of this State, found that the said farm was the property of the appellant Ward B. Jones, and ordered it to be included in the schedule of his assets as a part of his estate assigned to F. M. Jones. From this order of the County Court the appellant Ward B. Jones took an appeal to the Supreme Court of this State, making the said petitioning creditors and his assignee parties appellees, and upon the hearing thereof in that court the order was affirmed; the case is reported as Ward B. Jones v. The Port Huron Engine Co. et al., 171 Ill. 502. The question in that case being whether or not, under the provisions of his

father's will, W. B. Jones had such interest in said farm, when he made his assignment, as passed a fee simple title therein to his assignee by his deed of assignment.

The said creditors of W. B. Jones contended in both of said courts for the affirmative, and Ward B. Jones for the negative of this question, and the former were successful in both courts.

The effect of securing said farm as a part of the estate of said insolvent was to enable it to pay all of the debts owing by the assignor and leave a surplus. At the hearing on the petition of said creditors to procure an order of the County Court making the said farm an asset of the estate, the evidence in this case shows that Henry D. Spencer, the appellee here, was the attorney for the "Port Huron Engine and Threshing Co.," it being a creditor of the estate; Charles M. Peirce was the attorney for the assignee, and Messrs. Tipton & Tipton were attorneys for the assignor; and the County Court found for the creditors and ordered the assignee to inventory the farm as an asset of the estate; the assignor appealed from this order to the Supreme Court, making the said petitioning creditors and the assignee parties appellees; and in that court a joint brief was filed in the case in behalf of all the appellees, which was signed by "Henry D. Spencer, attorney of Port Huron Engine and Threshing Co., Livingston & Bach, attorneys of Third National Bank of Bloomington, and Charles M. Peirce, attorney for assignee;" and an oral argument was also made by Henry D. Spencer (when the case was heard in the Supreme Court) in behalf of the appellees. After the Supreme Court had affirmed the order of the County Court, Mr. Spencer rendered a bill to the assignee against him for his legal services in that case in that court, in which he claimed $500 from the assigned estate therefor; the assignee refused to pay it and the matter was referred by the parties to the County Court of McLean County, where Mr. Spencer presented his said bill as a claim against the assets of said estate, to be ordered paid by the assignee therefrom; the assignee and assignor resisted, but after a hearing of the claim the court found for the claimant, Spencer, and ordered

the assignee to pay him for said services the sum of $400
in due course of administration, the same to be taxed as
cost against the estate of Ward B. Jones; from this order
the assignee and assignor both appeal to this court and
urge a reversal of that order on the grounds, (1) that the
court had no jurisdiction to hear and determine the case;
(2) that the finding and order of the court is contrary to the
law and evidence. We are satisfied that the County Court
had jurisdiction to hear and determine the claim of the
appellee in this case against the assets of the insolvent
estate in the custody of the assignee who was administering
said assets under the orders and direction of that court,
since, under section 14 of the voluntary assignment act,
that court was clothed with both legal and equitable juris-
diction over the assigned estate, and could exercise both
legal and equitable power in relation thereto. Atlas
National Bank v. More, 40 Ill. App. 336, affirmed in 152
Ill. 528. The contention of appellant, however, that the
finding and order of the County Court herein are contrary
to the law and evidence, is one that presents the difficult
question to be determined. The evidence taken on the
hearing shows that there was no employment of the appel-
lee by the assignee, and that the appellee bases his claim
upon the assets of the estate, because his services in the
Supreme Court assisted in procuring the farm to be an asset
of the estate, and thus was beneficial thereto, and for this
benefit conferred the estate is liable to pay him a reasonable
compensation therefor.

That the procurement of an affirmance of the order and
decree of the County Court placing this farm among the
assets of this estate was beneficial to all the creditors can
not be denied, but the evidence not only shows that there
was no employment of the appellee by the assignee, or by
any one else authorized to bind him or this estate, but it
also shows that the appellee was employed to perform
these services by the " Port Huron Engine and Threshing
Co.," a creditor to be specially benefited thereby, and whom,
the appellee, in his testimony, said " he has charged for

these services, and from whom he expects payment therefor when he collects their claim from this estate," and which the evidence shows will be paid in full.   From this evidence we are satisfied that it was the duty of the appellee to render all the service he is shown to have rendered in said proceedings, under his employment by the "Port Huron Engine and Threshing Co.," to collect its claim from this estate, and in so doing, even if he did take steps to increase the assets of the estate and was successful, and thereby all the creditors of the estate were benefited, yet, in the absence of being employed either expressly or impliedly, by the assignee of the estate, he can not recover from the estate for want of contractual relations with the assignee.

It will not do to say that because the assignee acquiesced in, or failed to object to the appellee rendering legal services in the Supreme Court in this case, in which these services were rendered, therefore he impliedly employed him, because it also appears that the client of the appellee was likewise a party appellee in that case, as well as the assignee, and that he, in appearing in the case, was serving his client, hence no implication of employment by the assignee arises therefrom.   Price v. Hay et al., 132 Ill. 543, and Evans v. Mohr et al., 153 Ill. 561.   We think the case at bar is in principle like the case of Chicago, St. Charles and Mississippi R. R. Co. v. Larned, 26 Ill. 218, and the following language of Judge Caton used therein is especially appropriate here:  " Whatever there may be in this claim in a moral point of view, it would be a most dangerous precedent to hold that because the defendant had sat silently by and let counsel employed by another argue a case, which, if won, would secure his interest, therefore he agreed to pay the counsel in proportion to the benefit thus received."   Finding the order of the County Court in this case is based upon a finding which is contrary to the law and the evidence we reverse the same.   Order reversed.