JOHN B. HEUSTIS *et al.*

*v.*

DANIEL G. JOHNSON *et al.*

1. CHANCERY—*will not interfere with administration of estates, except in extraordinary cases.* A court of chancery will not exercise jurisdiction over the administration of estates, except in extraordinary cases. Some special reason must be shown why the administration should be taken from the probate court.

2. Where it appears, from the facts stated in a bill in chancery against an administrator for not properly performing his duty, that the county court has full power to grant relief in the premises, a demurrer is properly sustained.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. V. B. WEEKS, for the plaintiffs in error.

Messrs. BROWN & SOUTHWORTH, for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellants filed their bill in chancery against appellees, to which a demurrer was sustained by the circuit court, and the bill dismissed.

The only question presented is, did the court err in sustaining the demurrer?

The gist of the complaint is, that Johnson, one of defendants, has failed to discharge his duties promptly as an executor, and has, by divers plausible devices, excused himself from properly accounting, when he ought long since to have made final settlement of the estate.

In *Freeland* v. *Dazey*, 25 Ill. 294, this court laid down as a rule, that " a court of chancery will not exercise jurisdiction over the administration of estates, except in extraordinary cases. Some special reason must be shown why the administration should be taken from the probate court."

In the statements of this bill we find no sufficient reason for the intervention of a court of chancery. The county court has full power to grant relief in the case made by the bill. The demurrer was properly sustained.

*Decree affirmed.*