JOHN A. CRAIN, Guardian, etc.

*v.*

BURRELL KENNEDY *et al.*

1. CO-EXECUTORS—*of their relations with each other.* It is not within the province of one of several executors to call his co-executors to account for their action, in a court of equity. If either of the executors does wrong he, alone, is responsible,—the others can not be injured thereby.

2. CHANCERY JURISDICTION—*settlement of estates.* A court of chancery will not exercise jurisdiction over the administration of estates, except in extraordinary cases. Some special reason must be shown to give the court jurisdiction.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, filed by John A. Crain, as one of the executors of the last will of Dempsey Kennedy, de-

ceased, and also guardian, against the two other executors and the devisees, to restrain the sale of real estate, and to re-state the executors' account.    The court below dismissed the bill.

Mr. S. L. BRYAN, and Mr. L. M. PHILLIPS, for the appellant.

Mr. P. L. HOSMER, and Mr. J. M. ROUNTREE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There are no merits in appellant's proceedings, and the court properly dismissed the bill.    There is nothing in the bill justifying an application to a court of equity.    We are unable to perceive the interest of complainant, the appellant here, to incite this litigation.    If his co-executors have done wrong, they, alone, are responsible—appellant can not be injured thereby. There is a total want of interest in this subject matter in appellant, and the court did right in dismissing his bill.

This case, in principle, is like the case of *Heustis et al.* v. *Johnson*, 84 Ill. 61, in which it was held that a court of chancery would not exercise jurisdiction over the administration of estates, except in extraordinary cases.    Some special reason must be shown.    Here, there is none.

The decree is affirmed.

*Decree affirmed.*