CYRUS C. CONANT

V.

ESTHER RISEBOROUGH.

*Appeal—Interlocutory Order—Mortgages—Redemption.*

An appeal will not lie from a decree allowing the complainant to redeem property in the possession of a mortgagee, with a reference to the master to state an account, such a decree being interlocutory and not final.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Ogle County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. MARSHALL & TAGGERT, for appellant.

Messrs. WM. & E. T. LATHROP, for appellee.

*Per Curiam.* This is an appeal from Ogle. Esther Riseborough filed a bill against appellant on behalf of her daughter, Sarah E. Nashold, an insane person, asking to redeem eighty acres of land which had been conveyed to appellant by Mrs. Nashold and her husband by a deed. The bill alleged that Nashold and his wife each owned forty acres of land, and that while they were living together they executed a trust deed upon it to secure about $1,700 in money. That some time after this trust was executed Mrs. Nashold's mind gave way, and she refused to live with her husband and went home to her mother.

The bill alleges that appellant Conant was the brother-in-law of Mrs. Nashold, and that when she became insane he made arrangements to buy the note and trust deed from the owner thereof for the purpose of aiding and befriending his sister-in-law, and with the intention of allowing her or her friends to redeem the land. It is also alleged that Mr. Nashold was willing and anxious that his wife should have the entire eighty acres if she or her friends would pay off the trust deed, and, to accomplish that end, it is alleged that Nashold and his wife joined in a deed and conveyed the land to appellant for the express purpose of enabling him to hold it simply as a mortgage to secure him in what he paid for the deed and note. Conant answered the bill, and denied all the material allegations in the bill. A replication was filed and the case heard by the court. The court found in favor of the plaintiff, and decreed her right to redeem and hold Conant to be a mortgagee in possession, and referred the matter to the master to state an account under directions from the court, and continued the case.

From this decree appellant appeals. The decree, or order, made by the court was only interlocutory, from which no appeal or writ of error to this court will lie. There was no final decree determining the rights of the parties. This must be done before an appeal will lie. Hunter v. Hunter, 100 Ill. 519; Gage v. Eich, 56 Ill. 297; Williamson v. Borchenius, Appellate Court at Ottawa, January 20, 1888, and cases there cited.

The act of the Legislature approved June 14, 1887, p. 250, acts of 1887–8, providing for appeals from interlocutory orders and decrees granting injunctions, or overruling a motion to dissolve the same, or for enlarging the scope of the same, or from orders appointing a receiver, etc., has no application to the kind of an interlocutory order made in this case. That was a special statute providing for appeals in the special cases named only.

Because the decree in this case is not final the appeal will be dismissed and the case remanded.

*Appeal dismissed.*