AUGUST HEUER ET AL.

v.

HERMAN SCHAFFNER ET AL., PETITIONERS.

30  337
41  218

*Insolvency—Fraud—Judgments—Assignment—Costs.*

1. A mere "shift or artifice under forms of law" to defeat the operation of the voluntary assignment act by effecting an unequal distribution of the estate of the insolvent, is voidable at the instance of other creditors.

2. In the case presented, the County Court properly ignored the claims of the judgment creditors to priority.

[Opinion filed March 13, 1889.]

APPEAL from the County Court of Cook County; the Hon. ELBERT H. GARY, Judge, presiding.

Mr. JOHN C. RICHBERG, for appellants.

Messrs. ELIEL & ROSENTHAL, for appellees.

GARY, J. December 2, 1887, these insolvents executed judgment notes to several of their creditors, among whom were the appellants, under an arrangement between the insolvents and the creditors that judgments should be forthwith entered, executions issued, and all but one levied upon the goods of the insolvents, that one returned *nulla bona*, and upon that a bill in chancery should be filed and a receiver appointed, to whom the possession of the goods should be surrendered by the sheriff, and that the receiver should continue the business so as to get the utmost out of the property for the benefit of general creditors, after paying the judgments. To the firm of which appellant Heuer is a member, accounts due to the insolvents were also assigned as part of the general plan. The sheriff defeated the whole scheme by refusing to return *nulla bona* on the execution last put into his hands and levying that with the others. December 9, 1887, the insolvents and the judgment and general creditors, exclusive of the appellees, made a new arrangement by which the insolvents made a general assignment to appellant Heuer, in order that he might do what they had intended a receiver should do.

December 12, 1887, on the petition of Heuer, with the assent of all parties in interest (except appellees), the County Court ordered the sheriff to deliver to the assignee all the property levied upon, and further ordered "that the liens of the judgment creditors, in the order of their priority, be preserved, and the judgments and costs should be paid by assignee in the order in which they are liens on said estate, all of the foregoing and the rights of all parties in interest subject to adjudication by this court."

No question arises in this case as to the jurisdiction of the County Court to make this order, and in obedience to it and by the assignment of accounts before mentioned, all of the assets of the insolvents came to the possession of the assignee, and over him as such, and over the assets in his possession, the County Court had "full authority and jurisdiction." Ide v. Sayer, *ante*, p. 211.

Nor is that authority and jurisdiction impaired or in any way narrowed or trenched upon by the fact that the judgment

creditors consented to the surrender by the sheriff to the assignee of the property levied upon, upon terms as to their priority. Hanford Oil Company v. First National Bank, 126 Ill. 584. The general property in the goods levied upon was in the assignee before the surrender, and when the lien of the levy was extinguished by the surrender the disposition of the property and the validity of all claims upon it were matters for the County Court to determine. Case last cited and Hanchett v. Waterbury, 115 Ill. 220.

Without reference to the testimony of Sheldon, who says that when the judgment notes were made an assignment was mentioned, but that the receiver was preferred, a very slight consideration of the circumstances is enough to lead to the necessary conclusion that the transaction of December 2, 1887, constituted a mere "shift or artifice under the forms of law" to defeat the operation of the voluntary assignment act by effecting an unequal distribution of the estate of the insolvents, and was therefore voidable at the instance of other creditors. Preston v. Spaulding, 120 Ill. 208; Hide & L. Bank v. Rehm, 126 Ill. 461; White v. Cotzhausen, 129 U. S. 329.

The decree of the County Court putting the appellants upon an equal footing with other creditors is right. The costs of entering their judgments were incurred in attempting to outwit the law, and were therefore properly disallowed.

*Decree affirmed.*