## W. B. Duval v. T. C. Duval.

1. *Jurisdiction—Accounting for Proceeds, etc.*—Equity has no jurisdiction to decree an accounting of the proceeds of the income of real estate and personal property alleged to have belonged to a deceased person in his lifetime, and received by a person acting in the capacity of an ordinary agent transacting the business of his principal, collecting and receiving money for him.

2. *Jurisdiction—County Courts—Probate Matters.*—County Courts have jurisdiction to hear and determine all matters of claims of the estates of deceased persons against all persons. The fact that the deceased person was a woman, and the claim is against her husband, who is administrator of her estate, can make no difference. The County Court had full power to compel him to account.

**Memorandum.**—Bill for accounting. Appeal from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

R. C. HUNT and A. M. BROWN, attorneys for appellant.

·APPELLEE'S BRIEF, J. A. McKENZIE AND E. P. WILLIAMS, ATTORNEYS.

A court of equity will, in matters of probate, take jurisdiction only in an extraordinary case, a case in which there is special reason why administration should be withdrawn from Probate Court. Freeland v. Dazey, 25 Ill. 294; Heustis v. Johnson, 84 Ill. 61; Crain v. Kennedy, 85 Ill. 340; Harding v. Shepard, 107 Ill. 264; Winslow v. Leland, 128 Ill. 304.

A bill which seeks to take matters of administration into equity, must show some legal ground or reason for so doing. Conover v. Hill, 76 Ill. 342; Harris v. Douglas, 64 Ill. 469.

OPINION OF THE COURT, LACEY, J.

This was a bill in equity filed by appellant against T. C. Duval, in his lifetime, seeking an accounting by him for the

proceeds of the income of certain real estate and personal property alleged to have belonged to Nancy Duval, wife of T. C. Duval, and mother of complainant, in her lifetime, charging therein that T. C. Duval had managed Nancy's real estate in her lifetime, and had received large rents and profits therefrom, and had never accounted for them to her, and that after her death he had appropriated certain notes belonging to her and converted them to his own use. Appellant was the son of T. C. and Nancy Duval, and he makes six other children, one grandchild and four great grandchildren parties, after the filing of the bill and after the answer of T. C. Duval, and before trial, when the present appellees were made party respondent, who also answered.

The several answers deny the main allegations of the bill and claim that the land was deeded from Duval, Sr., to one Roundtree, for the purpose of having it deeded to his wife, which was done by Roundtree, and that such deed was never intended as a gift, and that the wife always treated it as the property of her husband, and gave him all the proceeds of it as fast as received, and also when the land was conveyed and sold to other parties by her, which was the case of all the land during her life. She gave up to him all the proceeds, notes and mortgage, according to the original intention, and that everything during her lifetime was treated as his, and that whatever title she had was by this means divested and all the property returned to her husband during her lifetime.

The answer to T. C. Duval, filed a short time prior to his death (he was then over eighty-seven years of age), avers that the deed, made by circumlocution, through Roundtree, was to shield his property from being taken to satisfy some unjust debts that were about to be brought against him.

The answer contains a demurrer to the jurisdiction of a court of equity and asks that the bill be dismissed.

Several respondents demurred to the bill, which was never acted on by the court. It seems that the deeds from T. C. Duval to Roundtree, a son-in-law, and from the latter to Nancy Duval, were dated September 6, 1866, and conveyed

about 271 acres of land. · In 1884, 160 acres of the land were sold by Nancy Duval and her husband, and a forty-acre piece, held in his own name, to C. M. Samuelson, for $11,400, of which $1,400 was paid down, and, by consent of Nancy, the notes for the balance were taken in Duval's name; they, after the death of the said Nancy Samuelson, not having paid the said notes given for the land, Duval, by agreement with him, received conveyance back, in his own name, for the 160 acres, and other tracts besides, and gave up his notes and mortgage.

All the other real estate was disposed of by Nancy during her lifetime—a portion of it as gifts to her children; so, at her death, March 16, 1888, she had none remaining.

Her husband was the administrator and settled up her estate, reporting personal assets belonging to her estate at $2,500. The complainant never, so far as the evidence shows, interfered to compel his father to account for the large amounts of money he now claims were due from him to his mother's estate.

T. C. Duval and his wife, Nancy, lived together some eighteen years after the deed to her of the land in question, and it was always treated as his, and she often disclaimed any ownership over it, but said it belonged to her husband. We are well satisfied that the circumstances rendered it very probable that she would return the land or the proceeds to her husband, and therefore it requires less evidence than under other circumstances, to convince us that she actually did so. Another circumstance—that the notes were given by Samuelson to T. C. Duval, instead of to Nancy, shows what was intended, unless we could believe some fraud was intended by T. C. Duval to be perpetrated on his wife, which under all the circumstances, is not at all probable. T. C. Duval died in 1889, over eighty-seven years old.

We think clearly the appellant has failed to show any grounds for relief.

We are further of the opinion, the action of the court in dismissing the bill is justified on the ground that equity has no jurisdiction. T. C. Duval was not a trustee, if at

all, in any other sense than that of an ordinary agent, trans-
acting the business of his principal, where he collects and
receives money for him.

The County Court has jurisdiction to hear and determine
all matters of the claim of the estate of Nancy Duval, de-
ceased, against her husband, and the fact that the supposed
debtor was administrator, can make no difference. The
County Court had full power to compel him to account or
remove him from the position of administrator for cause.
Heustis v. Johnson, 84 Ill. 61; Winslow v. Leland, 128 Ill.
304.

The decree of the court below is therefore affirmed.