## Hugh Templeton v. Louis J. Bender et al.

59   327
59   346
59   327
62    33

1. ASSIGNMENTS—*For the Benefit of Creditors.*—Creditors of an insolvent, with liens, having possession of assets, consenting to a surrender of such assets to the assignee under an order of court making provision for their payment, are required to know that such order may be set aside or modified if necessary, to distribute the estate conformably to law.

Assignment, for the benefit of creditors. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

J. WARREN PEASE, attorney for appellant.

PETER J. ELLERT, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

September 23, 1893, the Chicago Art Glass Company being insolvent, its deed of assignment for the benefit of creditors was filed in the County Court.

The tangible property of the company was then in the possession of the sheriff under two executions, and of a custodian under a distress warrant issued by the appellant, to whom $425 rent was due.

The sheriff relinquished possession to the assignee on the 25th, and the next day, by agreement of the parties, the appellant abandoned the property to the assignee, being induced so to do, apparently, by an order of the court, then entered, that out of the funds coming into the hands of the assignee the appellant should be paid after one of the execution creditors and before the other. Thereafter the appellees filed their petitions that wages earned by them as laborers for the insolvent in the three months next preceding the assignment might be preferred to all other claims against the assets.

Upon that petition the court entered the order from which this appeal is taken, that they be paid, over all other creditors, out of the money collected by the assignee of debts due and owing the insolvent at the date of the assignment. How much was due the appellees the abstract does not show, but their brief states it was $400.

The decree recited that among the assets were certain bank accounts and credits amounting to $1,200, of which upward of $700 had been since collected by the assignee, which were not subject to the liens of the executions and distress warrants.

The appellant does not attack the truth of these findings nor the justness of the claims of the appellees, but relies upon the order of September 26, 1893, apparently as a sort of bargain with the court, under which he withdrew his

distress warrant, which bargain the court was not at liberty to go back upon. Hanford Oil Co. v. First National Bank, 126 Ill. 584, answers that proposition, holding that creditors having possession with liens, consenting to surrender possession under an order of court making provision for their payment, are required to know that such order may be set aside or modified, if necessary, to distribute the estate conformably to law.

That case meets the whole argument of the appellant, which is, in effect, that although the appellees were entitled to a preference, at least as to all property not subject to levy, yet the court promised the appellant something different. The order appealed from is affirmed.