## American Trust & Savings Bank, Assignee of Herman Schaffner & Company, Insolvents, v. Bernhard Gradle.

1. COUNTY COURTS—*Jurisdiction in Voluntary Assignments.*—The County Court has no jurisdiction to inquire into a party's indebtedness to an insolvent so as to give the assignee any relief against such party, but it has ample jurisdiction to inquire whether such party is entitled to any relief against the assignee.

2. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Jurisdiction of the County Court—Adjustment of Claims.*—In cases pending under assignments for the benefit of creditors, the County Court has jurisdiction to the extent necessary to inquire into the relations of a party claiming a set-off, etc., and the insolvent, in order to ascertain the amount of the indebtedness of such party to the insolvent so as to set it off against that of the insolvent to him if the balance is in his favor, and to deny his claim altogether, unless there is a balance in his favor.

**Proceedings Under the Act Relating to Assignments for the Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

MORAN, KRAUS & MAYER, attorneys for the appellant, contended that the County Court had jurisdiction to determine the validity of all claims against the insolvent estate and to fully pass upon all defenses to those claims. whether legal or equitable.   Hanchett v. Waterbury, 115 Ill. 220; Hanford v. First Nat'l Bank, 126 Ill. 584; Preston v. Spaulding, 120 Ill. 208; Ide v. Sayer, 129 Ill. 230; Freydendall et al. v. Baldwin, 103 Ill. 325; Atlas National Bank of Chicago v. Clare E. More, Assignee, 40 Ill. App. 336; 152 Ill. 528; John Newlin, Adm'r, v. Joseph Bailey, 15 Ill. App. 199.

WEIGLEY & EASTMAN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The motion of the appellee to dismiss this appeal for want of jurisdiction is denied.   Our reasons are stated in Union Nat. Bank v. Browne-Chapin Lumber Co., 59 Ill. App. *post*.

The question on this record is as to jurisdiction of the County Court in cases there pending under assignments for the benefit of creditors.

The appellee presented a claim against the assets of Herman Schaffner & Co., of which firm the appellant was assignee, which the court allowed for the sum of $13,115, but in its judgment recited " That the assignee claims a set-off against said petitioner of $22,087.05 owing to said Herman Schaffner & Co., and the said assignee of said Herman Schaffner & Co., for losses sustained by them in and by the purchase and sale of certain other shares of stock; that the court, in its opinion, has no jurisdiction to adjudicate upon the matters set forth in said amended answer and claim of set-off, and that therefore it expressly refuses to pass upon said amended answer and claim of set-off of said assignee, but leaves said assignee to pursue such remedy as it may be advised it is legally entitled to in some court of competent jurisdiction to establish the matter set forth in said amended answer," and adjudged " that the prayer of said amended answer and claim of set-off of said assignee

is dismissed for want of jurisdiction on the ground that in the opinion of this court the subject-matter of said amended answer and claim of set-off is beyond the jurisdiction of this court."

We make these extracts from the abstract. We agree with the County Court that it had no jurisdiction to inquire into the appellee's indebtedness to the insolvent firm so as to give to the assignee any relief against the appellee, but it had the amplest possible jurisdiction to inquire whether the appellee was entitled to any relief against the assignee. Atlas Nat. Bank v. More, 40 Ill. App. 336; 152 Ill. 523; Third Swedish M. E. Church v. Wetherell, 43 Ill. App. 414.

There can be no two opinions upon the proposition that if the appellee owed the insolvent firm nearly nine thousand dollars more than it owed him, he should not share in the assets of the firm with other creditors who owed the firm nothing. To the extent, therefore, that it was necessary to inquire into the relations of the appellee and the insolvent firm in order to ascertain the amount of the indebtedness of the appellee to the firm, so as to set it off against that of the firm to him, if the balance was in his favor, and to deny his claim altogether and dismiss his petition, unless there was a balance in his favor, the County Court had jurisdiction; but it never exercised it. Now, this is a court of appellate jurisdiction only. To inquire here into the validity and amount of the claim of the insolvent firm against the appellee, would be to examine a matter which the County Court did not examine—make an investigation original in its character, which would be an exercise of original jurisdiction. Such a practice is not defensible. When our record shows that a case has gone off here upon a point not involving the merits, and the Supreme Court finds that we are wrong on that point, it sends the case back for us "to consider and then determine the cause upon its merits." Chi., Mil. & St. P. Ry. v. Walsh, 150 Ill. 607.

We follow its example, and reverse the order and remand the cause for further proceedings in the County Court not inconsistent with this opinion. Johnson v. Miller, 50 Ill. App. 60.