Mowatt v. Cole.

---

## John L. Mowatt, Assignee, v. L. K. Cole.

1.  ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Power of the County Court in Administration.*—In the administration of insolvent estates under the act relating to assignments for the benefit of creditors, so long as the estate of the insolvent remains to be distributed, the County Court has power to revoke or alter any former order or action in relation to the administration of the estate.

2.  COUNTY COURTS—*Power to Vacate Orders After the Term—Insolvent Estates.*—The rule that orders of a court of record can not be vacated or altered after the term has passed does not apply to orders made by the County Court in the administration of the estate of an insolvent, so long as the estate remains to be distributed.

**Proceedings Under the Act Relating to Assignments for the Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.   Heard in this court at the March term, 1895.   Reversed and remanded.   Opinion filed June 24, 1895.

William J. Candlish, attorney for appellant.

Buell & Wells and W. S. Barbee, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The motion of the appellee to dismiss this appeal for want of jurisdiction is denied for reasons stated in Union Nat. Bk. v. Browne-Chapin Lumber Co., 59 Ill. App. 423.

The case is that the appellee petitioned the court to order the appellant, who is assignee in insolvency of J. M. Omo, to pay rent. It appears the appellant has no sufficient funds of the estate of the insolvent with which to pay, and as the order made that he should pay is one that the appellee probably expects to enforce by attachment, the appellant has good reason to try and get it reversed.

A first order to pay was made November 20, 1894. The order appealed from was entered December 18, 1894, and as appears by the bill of exceptions, apparently without any consideration of the merits, but upon a holding that the order entered November 20th, being in the preceding term, was binding upon the court. That was an erroneous holding. Templeton v. Bender, 59 Ill. App. 327, citing Hanford Oil Co. v. First National Bank, 126 Ill. 584.

The case of Shepard v. Speere, 41 Ill. App. 211, 140 Ill. 238, is the same in principle. So long as the estate of the insolvent remains to be distributed, the court may repent any former action, and it makes no difference that the judge is not the same man. Fort Dearborn Lodge v. Klein, 115 Ill. 177; Niagara Fire Ins. Co. v. Scammon, 35 Ill. App. 582.

As the merits of the appellee's claim were not considered on the order appealed from, we shall not now exercise original jurisdiction by deciding a question not decided by the County Court. American Trust and Savings Bank v. Gradle, 59 Ill. App. 333.

The court below must first pass upon the case. The fact that the order appealed from is indefinite, gives the appel-

lant the greater reason to be afraid of it, and to try and get rid of it.

The order is reversed and the cause remanded with directions to the County Court to consider and determine the claim of the appellee upon its merits.    Case last cited.