# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

62   31
s183s187

## Carrie and Emma Stettauer v. Chicago Title & Trust Co., Assignee, et al.

1. JURISDICTION—*Over a Final Disposition of a Cause After the Term.*—After the close of a term at which a final disposition of a cause is made, the jurisdiction of the court over the same is at an end.

2. COUNTY COURT—*No Power to Entertain a Petition to Set Aside a Final Order at a Subsequent Term.*—Where an order was made by the County Court in the administration of an insolvent's estate, which disposed of the whole matter, leaving nothing for the court to act upon, such court not being one of general jurisdiction, can not, at the next term, entertain a bill or petition to set such order aside.

Petition to Set Aside Order, etc.—Administration of an insolvent's estate. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

October 18, 1894, the Northwestern Trimming Company, a corporation of which C. G. Boldenweck was president, and Aug. Neff, secretary, made a voluntary assignment to the Chicago Title and Trust Company. On December 10, 1894, in the December term of the court, and in pursuance of an order entered that day, the assignee sold and deliv-

(31)

ered all the goods, property and assets of the insolvent to one Justice Killian for the sum of $10,000, $4,000 for the bills and accounts and $6,000 for the other assets. On the 5th day of February, 1895, in the January term of the County Court, the appellants filed their sworn petition, in which they charge that the alleged sale was in fact no sale at all, but simply the consummation of a fraudulent scheme or arrangement between Boldenweck, the assignee, Killian, the alleged purchaser, and Dahms, Langworthy & Poppenhusen, the attorneys of the assignee, whereby the assets of the insolvent were to be transferred from the assignee through Killian back to the possession and control of Boldenweck, who was the principal stockholder, manager, and practically the owner of the insolvent corporation. The petition avers that Boldenweck, for the purpose of procuring a larger percentage of the assets of the insolvent, has made a false and pretended claim of $5,000 against the insolvent estate; that Dahms, Langworthy & Poppenhusen, the attorneys for the assignee, were the attorneys for Boldenweck and the insolvent prior to the assignment, and were retained by them in contemplation of the assignment; it further avers that these attorneys were paid $100 by the insolvent the day before the assignment, and that the insolvent and Boldenweck then and there turned over to said lawyers outstanding accounts of the insolvent, which were retained by them until on or about the time of the examination of the books by certain creditors, when these accounts were turned over by them to the assignee, which facts they do not deny in their answer. The petition also charges that at the time of the sale, the assignee had in its possession $1,500 to $2,000 cash belonging to the insolvent estate; that the accounts due the insolvent, which were sold for $4,000, were inventoried by the assignee at $12,867.81, and that $9,000 of said accounts were then good and collectible. It shows that the goods of the insolvent after the sale to Killian were moved by Killian under the order and direction of Boldenweck to certain premises rented by Boldenweck, and were delivered to Boldenweck. It charges that after

the sale, the assignee and Boldenweck, or parties in their behalf, compromised and settled claims against the insolvent for seventy-five cents on the dollar. The petition charges that the alleged sale was fraudulent and collusive, and that it was never intended that Killian should pay the $10,000 in cash, but that it was understood and agreed between Killian, Boldenweck, the assignee and its attorneys, and the said insolvent, that the said sum should be collected and realized from said outstanding claims due insolvent, and to be covered into and represented by said assignee as the $10,000 in cash bid by Killian for the insolvent's assets.

The assignee and its attorneys filed answers denying generally the averments of the petition, and asserting the good faith of the alleged sale. The answer admits that the petitioners filed their claim, and that said claim has not been paid because there has been no distribution of the assets of the insolvent.

Killian, Boldenweck and Neff appeared by counsel, and filed a general demurrer to the petition, and a special cause of demurrer, and that the court is without jurisdiction, the term at which the sale sought to be set aside by said petition was made, having passed. The matter having come on for disposition upon the petition and demurrer, the demurrer was sustained and the petition dismissed as to all parties. From this order the petitioners have appealed to this court.

George W. Plummer and Wharton Plummer, attorneys for appellants.

Lackner & Butz, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

At the close of the term at which a final disposition of a cause is made, the jurisdiction of the court over the same is at an end; this is a most familiar rule.

The distinction between the cases cited by appellant, Templeton v. Bender, 59 Ill. App. 327, and others, is that in

those the orders made were not final, so that the court lost jurisdiction over the cause; on the contrary, they were but dispositions of matters incidental to, or arising out of, the cause; the general proceeding still went on, and therefore the court might, up to the end, review its action as to such incidental matters.

In the present case, the order made at the December term disposed of the whole matter, leaving nothing for the court to act upon.

The County Court not being a court of general or superior jurisdiction, could not, therefore, upon bill or petition at the January term, set aside such order.

The judgment of the County Court is affirmed.