## Emma J. Jeffery v. Burr Robbins et al.

1. CHANCERY PRACTICE—*Setting Aside Interlocutory Decrees.* — A court of chancery has authority to set aside an interlocutory decree at a term subsequent to its entry.

Bill to Redeem from a mortgage. Error to the Superior Court of Cook County; the Hon. W. G. EWING, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

JOHN J. McCLELLAN and CAMPBELL ALLISON, attorneys for plaintiff in error.

FLOWER, SMITH & MUSGRAVE, attorneys for defendants in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In March, 1892, the appellant filed her bill to redeem from a mortgage, alleging that a deed made by her on the 30th day of June, 1888, was made by her to Robbins to secure the repayment of advances to be made to and for her by him.

Robbins by his answer denied that allegation, and alleged that the deed was on a sale to him accompanied by an agreement to reconvey to her upon payment to him of a large sum, within five years. In June, 1892, a decree was entered declaring the transaction to be a mortgage, as the bill alleged, and the cause was referred for the statement of an account. The next month Robbins presented a petition praying " the court to grant a rehearing herein, or that the court may so modify said decree or decretal order of June 21, 1892, as to direct the master in chancery, to whom said cause was by said decree referred, to order and receive such new or further evidence as your petitioner, with the complainant, may be able to produce upon the issues involved in this cause, and especially upon the question of the nature

and purpose of the said deed of June 30, 1888, from the complainant and her husband, to your petitioner, Burr Robbins, and as to the validity and force of the said contract of conveyance executed by your petitioner, dated June 30, 1888, mentioned in the proceeding herein."

Thereupon " by agreement of counsel for the respective parties, it was ordered that the parties, plaintiff and defendant, be and are hereby authorized to introduce in evidence before the master, any evidence relating to the matters set forth in the said petition, and the order or decree of June 21, 1892, is modified accordingly."

After much further evidence was taken, the court entered another decree, dismissing the bill for want of equity. From that decree this writ is prosecuted.

It is first objected that this first decree is binding; that upon the showing made for a rehearing it ought not to have been granted.

That decree was but interlocutory. Conant v. Riseborough, 30 Ill. App. 498.

Being interlocutory, the court had authority to set it aside at a later term. Black, Judgments, 308; Mowatt v. Cole, 59 Ill. App. 345.

The final decree dismissing the bill, operated to set the interlocutory decree aside, and if in regard to regularity of proceedings there should have been a formal order to that effect, yet in chancery it is the final result, more than the regularity of the process by which it is reached, that is material on appeal or error.

But the fact that the further hearing was " by agreement of counsel," makes further discussion of this point unnecessary. There was no precedent debt between these parties. She was in embarrassed circumstances by reason of taxes, ground rents, etc., upon the premises conveyed, and other property, and her husband owed Robbins enough to make, with the sum necessary for such taxes, etc., the sum of $22,215. Of even date with the deed to Robbins, was an agreement by him to reconvey the premises to her, at any time within five years upon payment of that sum.

We do not deem it necessary to discuss the abstract question whether the deed should be held to be a mortgage to secure the payment of that sum, though it is presented by the brief of the plaintiff in error, for that is not the theory of her bill; the bill being to redeem upon repayment of what may be due in respect of matters in which she only was interested.

Had she been able and willing to pay the $22,215, there would probably have been no need for any bill. We hold that the real contract between the parties was that shown by the agreement mentioned.

The evidence is voluminous, and we state our conclusions without quoting documents, which, in our judgment, compel such conclusions.

The decree is affirmed.